## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff/Respondent,**

**v.**                                       **Case No. 09-20134-JWL**

**Jesus Omar Baylon-Garcia,**

        **Defendant/Petitioner.**

### MEMORANDUM & ORDER

In 2009, defendant Jesus Omar Baylon-Garcia was charged with possession with intent to distribute more than 50 grams of methamphetamine.  On January 21, 2010, Mr. Baylon-Garcia entered into a written Rule 11(c)(1)(C) plea agreement on a one-count information alleging possession with intent to distribute more than 5 grams of methamphetamine.  In that agreement, the parties agreed to a sentence of 84 months in prison and a post-release supervision term of five years.  On May 10, 2010, the court imposed a sentence of the agreed-upon 84 months.  Mr. Baylon-Garcia has now filed a motion pursuant to 18 U.S.C. § 3582(c) to modify his sentence pursuant to Amendment 782.  As will be explained, the motion is denied.

Federal courts, in general, lack jurisdiction to reduce a term of imprisonment once it has been imposed.  *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011).  "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).  Under limited circumstances, modification of a sentence is possible under 18 U.S.C. § 3582(c).  That provision states that "a defendant who has been sentenced to a term of imprisonment *based on a*

*sentencing range* that has subsequently been lowered by the Sentencing Commission" may be eligible for a reduction, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added).

It is clear that Amendment 782 does not lower Mr. Baylon-Garcia's applicable guidelines range because his sentence was not based on the sentencing guidelines but was based instead on an agreed-upon sentence in an 11(c)(1)(C) plea agreement. In the context of a Rule 11(c)(1)(C) plea agreement, a sentence is deemed "based on" a guidelines range for purposes of § 3582(c)(2) relief only when the guidelines range is evident from the agreement itself. *Freeman v. United States*, 131 S. Ct. 2685, 2697 (2011); *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (Justice Sotomayor's concurrence "represents the Court's holding"). Under *Freeman*, then, Mr. Baylon-Garcia is not entitled to relief because no specific guideline range is evident from the parties' Rule 11(c)(1)(C) plea agreement. In fact, the parties in the agreement expressly state that they are not requesting a guideline sentence.

In such circumstances, the court is not authorized to reduce Mr. Baylon-Garcia's sentence under § 3582(c)(2) and Amendment 782 affords no relief to him. *See id.* (defendant who entered plea agreement pursuant to Rule 11(c)(1)(C) not entitled to sentence reduction under § 3582(c)(2) because sentence was not based on a Guideline range but on the terms of his plea agreement which did not reference any Guideline sentencing range).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Baylon-Garcia's motion to reduce sentence (doc. 36) is dismissed for lack of jurisdiction.

2

**IT IS SO ORDERED.**


Dated this 13th day of May, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
