# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff/Respondent,**

v.                                              Case No. 09-20134-JWL

**Jesus Omar Baylon-Garcia,**

      **Defendant/Petitioner.**

## MEMORANDUM & ORDER

In 2009, defendant Jesus Omar Baylon-Garcia was charged with possession with intent to distribute more than 50 grams of methamphetamine. On January 21, 2010, Mr. Baylon-Garcia entered into a written Rule 11(c)(1)(C) plea agreement on a one-count information alleging possession with intent to distribute more than 5 grams of methamphetamine. In that agreement, the parties agreed to a sentence of 84 months in prison and a post-release supervision term of five years. On May 10, 2010, the court imposed a sentence of the agreed-upon 84 months.

In May 2015, Mr. Baylon-Garcia filed a motion pursuant to 18 U.S.C. § 3582(c) to modify his sentence pursuant to Amendment 782. On May 13, 2015, the court held that it was not authorized to reduce Mr. Baylon-Garcia's sentence because his sentence was not based on the sentencing guidelines but was based instead on an agreed-upon sentence in an 11(c)(1)(C) plea agreement. *See* 18 U.S.C. § 3582(c)(2) (defendant may be eligible for a reduction if that defendant has been sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission). As explained by the court, in the context of a Rule 11(c)(1)(C) plea agreement, a sentence is deemed "based on" a guidelines

range for purposes of § 3582(c)(2) relief only when the guidelines range is evident from the agreement itself.  *Freeman v. United States*, 131 S. Ct. 2685, 2697 (2011); *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (Justice Sotomayor's concurrence "represents the Court's holding").  As emphasized by the court, no specific guideline range is evident from the agreement executed by Mr. Baylon-Garcia and the government and, in fact, the agreement expressly states that the parties were not requesting a guidelines sentence.

Mr. Baylon-Garcia has again filed a motion to reduce his sentence in light of Amendment 782.  Because the circumstances underlying Mr. Baylon-Garcia's sentence have not changed, the court, for the same reasons indicated in its May 2015 memorandum and order, is not authorized to reduce Mr. Baylon-Garcia's sentence.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Baylon-Garcia's motion to reduce sentence (doc. 38) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 6th day of October, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge